IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DALTON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C 02-04949 SI<br>(CR 96-0276 SI)<br><br>**ORDER DENYING PETITIONER'S<br>MOTION TO SET ASIDE JUDGMENT** |

Now before the Court is petitioner's motion to set aside judgment under Federal Rule of Civil Procedure 60(b)(6). Having carefully considered petitioner's arguments, the Court hereby DENIES petitioner's motion.

**BACKGROUND**

Petitioner Dalton was convicted on September 21, 1999 of one count of operating a continuing criminal enterprise ("CCE"), two counts of manufacturing marijuana and possessing marijuana with intent to manufacture it, and three counts of conspiring to manufacture and possessing marijuana with intent to manufacture it. On December 1, 2000, the Court sentenced Dalton to 324 months in prison on the CCE charge and 60 months on the remaining counts, to run concurrently with the sentence imposed on the CCE conviction. Dalton filed a timely appeal and on May 1, 2002, the Ninth Circuit affirmed Dalton's conviction on all counts.

In September, 2002, Dalton filed an 18 U.S.C. § 2255 petition (Docket Nos. 490 & 496) to vacate, set aside, or reduce his sentence, alleging that his sentence was improper because (1) the indictment should have been dismissed on the grounds of outrageous government conduct; and (2) his

appellate lawyer provided ineffective assistance of counsel.

Dalton argued that the conduct of DEA Agent Nelson was outrageous because there was a "kissing incident" with Agent Nelson and Dalton's wife, Agent Nelson instructed Dalton's wife to place a tape recorder behind the headboard of their marital bed, Agent Nelson took Dalton's wife to a divorce attorney, and Agent Nelson had an inappropriate conversation with Dalton's stepson regarding Dalton. Dalton argued that his counsel was ineffective by failing to cite pertinent case authority and by failing to include certain district court pleadings in the excerpts of record submitted to the Ninth Circuit in support of the appeal. On September 29, 2003, this Court denied Dalton's § 2255 petition and entered judgment against him.

On October 27, 2003, Dalton filed a motion for rehearing. Because judgment had already been entered on the petition, Dalton could not seek a rehearing; the Court therefore construed Dalton's motion as a Federal Rule of Civil Procedure 60(b) motion to set aside judgment. In the motion, Dalton argued that the indictment should have been dismissed based on (1) outrageous government conduct; and (2) ineffective assistance of counsel. The Court denied the motion because Dalton did not allege any new facts. On August 9 and 10, 2004, Dalton filed motions to set aside the judgment on his § 2255 petition, pursuant to Federal Rule of Civil Procedure 60(b)(1). Dalton again alleged (1) outrageous government conduct; and (2) ineffective assistance of counsel. The Court denied the motion because Dalton did not allege any facts that had not already been litigated.

Once again, Dalton has filed a motion to set aside his 1999 conviction and denial of his § 2255 petition, pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that (1) the government engaged in outrageous conduct; and (2) ineffective assistance of counsel. For the following reasons, the Court DENIES Dalton's motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders or judgments.

> A motion for reconsideration . . . may be brought under Rule 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Relief under part (6) above requires a finding of "extraordinary circumstances."

*Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoting *McConnell v. MEBA Medical &*

United States District Court
For the Northern District of California

1  *Benefits Plan*, 759 F. 2d 1401, 1407 (9th Cir. 1985)).

2      The United States Supreme Court has repeatedly instructed that only truly extraordinary
3  circumstances will permit a party successfully to invoke the "any other reason" clause of Fed. R. Civ.
4  P. 60(b)(6). This very strict interpretation of Rule 60(b)(6) is essential if the finality of judgments is
5  to be preserved. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988).

7  **DISCUSSION**

8  **A.    Outrageous Government Conduct**

9      Dalton argues that the government engaged in outrageous conduct by instructing his wife to place
10 a tape recorder behind the headboard of their marital bed. Dalton argues that as a result, he faced
11 "extreme continuing prejudice" and therefore the case should have been dismissed. *See United States
12 v. Morrison*, 449 U.S. 361, 365-66 n.2 (stating that dismissal of an indictment is appropriate where a
13 continuing prejudice results from the constitutional violation and this cannot be remedied by suppression
14 of evidence).

15     Petitioner fails to mention any new facts which have not been previously litigated. As held in
16 the Court's previous orders, the agent's conduct, though outrageous, did not warrant dismissal. The
17 Ninth Circuit agreed with this Court that the suppression of the tape recording was an appropriate
18 remedy, and that Agent Nelson's conduct simply did not rise to the level required for dismissal. *See
19 United States v. Dalton*, 40 Fed. Appx. 420 (9th Cir. 2002). Dalton fails to set forth new facts which
20 would compel the Court to reverse its prior decisions.

22 **B.    Ineffective Assistance of Counsel**

23     Dalton argues that his appellate counsel was ineffective because he failed to quote a single case
24 concerning the fundamental right to marriage and marital privacy under the 14th Amendment. This
25 argument is similar, if not identical, to that presented in his § 2255 petition and prior Rule 60(b)
26 motions. In support of his current Rule 60(b) claim, petitioner presents no new facts that would compel
27 the Court to revisit its previous decision. As held in this Court's previous orders, petitioner fails to raise
28 conduct sufficient to demonstrate ineffective assistance of counsel. *See Strickland v. Washington*, 466

U.S. 668 (1984).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES petitioner's motion to set aside judgment. (Docket No. 599)

**IT IS SO ORDERED.**

Dated: December 19, 2006

SUSAN ILLSTON
United States District Judge