IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DALTON, | No. C 02-04949 SI |
| Defendant/Petitioner, | **ORDER DENYING PETITIONER'S VARIOUS MOTIONS** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent. | |

Now before the Court are five motions brought by petitioner John Dalton. For the following reasons, the Court DENIES all five motions.

**1.     Motion to Correct Sentence [Docket Nos. 651, 654]**

Mr. Dalton has filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). The Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides that "[t]he court may not modify a term of imprisonment once it has been imposed except" in very particular circumstances. None of those circumstances are applicable in this case.

The first circumstance provides that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). This exception is inapplicable to Mr. Dalton because he, rather than the Director of the Bureau of Prisons, has brought this motion.

Under 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Crim. P. 35(a). This exception does not apply at this late date. *See Penna*, 319 F.3d at 511-12. Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(b).

Finally, the exception provided in 18 U.S.C. § 3582(c)(2) does not apply, as that section permits a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by the Sentencing Commission. The Court is not aware that the Sentencing Commission has lowered any sentencing range relevant to Mr. Dalton, and he has not argued otherwise.

Accordingly, Mr. Dalton's motion to correct his sentence [Docket Nos. 651, 654] is DENIED.

**2.     Motion for Order [Docket No. 653]**

Dalton seeks an order from this Court for the United States Attorney to provide him with a copy of the superseding indictment in his case. The clerk of the court sent Mr. Dalton a copy of the indictment on October 22, 2008. Accordingly, Mr. Dalton's motion for an order [Docket No. 653] is DISMISSED AS MOOT.

**3.     Supplement to Motion for Order [Docket No. 656]**

Mr. Dalton argues that the indictment should be dismissed because it included no mention of civil forfeiture, even though he was subjected to a civil forfeiture proceeding before the criminal action that resulted in his conviction. He claims that this omission rendered his trial fundamentally unfair and constitutes an extraordinary circumstance, such that his case should be dismissed. Mr. Dalton also argues that under *Simmons v. United States*, 390 U.S. 377, 394 (1968) this Court erred at trial by allowing evidence of his ownership of "automobiles, machine shop equipment, property, race cars, etc."

2

Although this motion is framed as a "motion for order," the Court finds that it is a direct attack on his now final criminal conviction.[1] Such a challenge is properly brought through a petition for habeas corpus. *See, e.g.*, *United States v. Reyes*, 358 F.3d 1095 (9th Cir. 2004) (bringing habeas challenge to conviction for engaging in continuing criminal enterprise based on intervening change in the law).

Mr. Dalton has filed a series of habeas petitions, and as the Court explained most recently in its June 30, 2008 Order [Docket No. 648], successive habeas petitions may not be filed in this Court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Mr. Dalton has not obtained such an order from the Ninth Circuit. This Court will not entertain a new petition from Mr. Dalton until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Mr. Dalton filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

If Mr. Dalton wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2255(h).

**4.      Motions for Release on Bail [Docket Nos. 655, 657]**

---

[1] The Court notes that Federal Rule of Criminal Procedure 7(c)(2) provides that "[n]o judgment of forfeiture may be entered in a *criminal* proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute." Fed. R. Crim. P. 7(c)(2) (emphasis added). This rule applies only to those criminal forfeitures that are part of the punishment for the criminal offense, and not to a civil proceeding instituted separately by the United States Government. *United States v. Bucchino*, 606 F.2d 590, 591 (5th Cir. 1979). The government was therefore not required to give notice of a prior civil forfeiture proceeding in the criminal indictment.

Mr. Dalton has filed two motions seeking release on bail pending appeal of the motions discussed above. Mr. Dalton is collaterally attacking his sentence. "The Bail Reform Act does not apply to federal prisoners seeking postconviction relief. Instead, Fed. R. App. P. 23 governs the issue of the release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction. In the habeas context, this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citations omitted). The Court finds that neither extraordinary circumstances nor a high probability of success exists here. Moreover, this Court has repeatedly denied Mr. Dalton's motions for release on bail pending appeal and has instructed Mr. Dalton that it will not consider further bail motions. *See, e.g.*, Dockets Nos. 563, 587. Accordingly, Mr. Dalton's motions [Docket Nos. 655, 657] are DENIED.

**IT IS SO ORDERED.**

Dated: 1/26/09

SUSAN ILLSTON
United States District Judge